### ADIN B. HORTON *vs.* AUGUSTUS F. AMORAL.

#### JUNE 26, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Trover.*

Plaintiff leased a farm to defendant, under an agreement by which defendant was not to remove any hay or straw from the farm.

*Held*, that plaintiff had neither title or right of possession so as to enable him to maintain an action for the conversion of the property by defendant, his remedy being for breach of an executory contract.

TROVER AND CONVERSION. Heard on exceptions of plaintiff and overruled.

BLODGETT, J. After verdict for the defendant in this action of trover the plaintiff has presented his bill of exceptions to this court on one portion of the charge to the jury only, viz.: "I have decided that there is but one question here for you to consider and that is this question of the conversion of the lumber. This action is not a proper action to recover for the hay and straw under the circumstances testified to by the plaintiff and his witnesses in this case, so you will confine your attention to the question of the conversion of the lumber."

The plaintiff's exception is thus stated: "The plaintiff takes exception to that portion of the charge in and by which his claim as to hay and straw is excluded from the consideration of the jury."

The property alleged to have been converted by the defendant consisted of certain lumber, some hay and some straw, and no question is raised as to the propriety of the verdict in respect of the lumber. The plaintiff, however, claims that the follow-

ing conversation between his representative, one Vita, and the defendant, at the time of the oral hiring of the plaintiff's farm by the defendant, entitles him to maintain trover for the hay and straw admittedly removed from the farm and sold by the defendant during his tenancy. (p. 17) "Q. 11. For how long a time did you let it to him? A. I let it to him for one year. Q. 12. For what rental? A. $20 a month. Q. 13. Now what were the terms discussed between you and Mr. Amoral about the way the letting should be? A. I let it to him because he said be was going to put in twenty cows, and providing they could be kept everything on the place—that the manure would be considerable help on the farm. Q. 14. Say it again. A. To keep twenty cows on the farm for one year, and he said he would. Q. 15. What were the arrangements, if any, relative to keeping of hay, straw and manure? A. That they should be kept on the farm. Q. 16. That was the talk between you? A. Yes." (p. 39) "Q. 182. And that is the basis that you claim the—for hay that belonged there and was taken away? A. Yes, that is the agreement made when they (1) went there, to have all the hay and the straw on the farm and not take none away."

The utmost effect which we can give to this agreement, if it be conceded that it was made as claimed by the plaintiff, is that the defendant agreed that the hay and straw should not be taken away, but should be kept on the farm. But no title in either is reserved to the plaintiff so that it could be made liable to attachment for the plaintiff's debts, nor are the parties made joint owners. We see no evidence creating such title or right of possession in said hay and straw in the plaintiff as enables him to maintain an action for trover and conversion. If the defendant has violated an executory contract in respect of these matters, the plaintiff doubtless has his appropriate remedy for such breach of obligation, but it is not in this form of action.

Plaintiff's exception overruled and case remitted to the Superior Court for the entry of judgment on the verdict.

*Page & Cushing, James F. McCartin,* for plaintiff.
*Thomas A. Carroll, Walter P. Suesman,* for defendant.